LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:	(310) 201-9150
Facsimile:	(310) 201-9160
E-mail: info@glancylaw.com

Attorneys for Plaintiff Ie-Chen Cheng
and Proposed Liaison Counsel
*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BELLOMO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>XENOPORT, INC., RONALD W. BARRETT, WILLIAM J. RIEFLIN, DAVID A. STAMLER, MARK A. GALLOP and DAVID R. SAVELLO,<br><br>Defendants. | No. CV-10-3301-RMW<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 5, 2010<br>Time: 9:00 a.m.<br>Courtroom 6, 4th Floor<br>Honorable Ronald M. Whyte |
| IE-CHEN CHENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>XENOPORT, INC., RONALD W. BARRETT, WILLIAM J. RIEFLIN, DAVID A. STAMLER, MARK A. GALLOP and DAVID R. SAVELLO,<br><br>Defendants. | No. CV-10-4318-PVT |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on November 5, 2010, at 9:00 a.m.[1] or as soon thereafter as the matter can be heard in the courtroom of the Honorable Ronald M. Whyte, situated at 280 South 1st Street, San Jose, California, lead plaintiff movant Ie-Chen Cheng (hereinafter "Movant" or "Cheng") will move, and hereby does move, for entry of an Order (a) consolidating the above-captioned related actions, (b) appointing Movant as lead plaintiff, and (c) approving Movant's selection of Harwood Feffer LLP and Robbins Geller Rudman & Dowd LLP as co-lead counsel for the Class.

Movant seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934, (the "Exchange Act"), the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg ("Goldberg Declaration") and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

---

[1] This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934 as amended by the PSLRA. This Section provides that, within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Movant has no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to ascertain whether this motion is opposed and, as required by the San Jose Division's Standing Order Regarding Case Management in Civil Cases, confer with opposing counsel to determine whether the proposed hearing date will cause undue prejudice. Therefore, Movant respectfully requests that the pre-motion conference requirement be waived for the purposes of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cheng respectfully submits the following memorandum of points and authorities in support of her motion for consolidation of related actions, appointment as lead plaintiff and approval of lead counsel.

I.  **FACTUAL BACKGROUND**

This is a securities class action on behalf of all purchasers of the common stock of XenoPort, Inc. ("XenoPort" or the "Company") between March 16, 2009 and February 17, 2010 inclusive (the "Class Period"), against XenoPort and certain of its executive officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

XenoPort is a biopharmaceutical company focused on developing a portfolio of internally discovered product candidates that utilize the body's natural nutrient transport mechanisms to improve the therapeutic benefits of existing drugs.  During the Class Period, XenoPort co-partnered with GlaxoSmithKline ("Glaxo") in the United States and several other countries on a new drug application ("NDA") for an extended-release tablet and development stage drug called Horizant, originally known as Solzira (gabapentin enacarbil), and also known as XP13512 ("512"), as a potential treatment for moderate-to-severe primary Restless Legs Syndrome ("RLS").  However, the Company did not succeed in obtaining approval for the drug from the U.S. Food and Drug Administration ("FDA"), causing millions of dollars in market capitalization losses.

The complaints on file in this action allege that during the Class Period defendants made false and misleading statements regarding XenoPort's business and financial prospects. Specifically, throughout the Class Period defendants disseminated false and misleading statements to the investing public about the effectiveness of 512 as a treatment for RLS, making it impossible for shareholders to gain a meaningful or realistic understanding of the drug's progress toward FDA approval and market success.

NOTICE OF MOTION AND MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

Then, on February 17, 2010, after the market closed, defendants were forced to publicly disclose that the FDA indicated that a preclinical finding of pancreatic cancer cell tumors in rats was of sufficient concern to preclude approval of 512 for RLS at this time.

As a result of this news, XenoPort's stock plummeted $12.93 per share, to close at $6.67 per share on February 18, 2010 -- a one-day decline of nearly 65% on volume of 36.5 million shares, over 100 times its average three-month daily volume.

Plaintiffs allege that as a result of defendants' false and misleading statements, XenoPort common stock traded at artificially inflated prices during the Class Period, reaching a high of $24.75 per share on September 17, 2009. The inflation in XenoPort's stock price during the Class Period permitted the Company to complete a secondary offering of 2.5 million shares of XenoPort stock (including the over-allotment) on May 27, 2009, at $19.00 per share for proceeds of nearly $45 million.

## II.    PROCEDURAL HISTORY

Plaintiff Tom Bellomo commenced the first of the two above-captioned related actions (the "Bellomo Action") on July 28, 2010, and on that day counsel for Bellomo published a notice of the pendency of the Bellomo Action on *Business Wire*.

Cheng's action (the "Cheng Action") subsequently was filed in this District, naming the same defendants and alleging the same factual events and the same legal bases for the claims, specifically Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5, except Cheng's complaint moved the commencement date of the action from May 5, 2009 to March 16, 2009 for the reasons stated in Paragraph 32 of Movant's Complaint. The Bellomo and Cheng Actions are collectively referred to herein as the "Related Actions" and each is reflected above in the caption of this document.

Movant brings the instant motion for, *inter alia*, appointment as lead plaintiff in the Related Actions, and files this motion prior to expiration of the 60-day period from publication of plaintiff Bellomo's July 28, 2010 notice.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The Related Actions present similar factual and legal issues, as they involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to the Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

#### B.   Cheng Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa)   has either filed the complaint or made a motion in response to a notice. . . ;

NOTICE OF MOTION AND MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

4

    (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant Cheng satisfies all three of these criteria and thus is entitled to the presumption that she is the "most adequate plaintiff" for the Class.

### 1. Cheng Is Making A Motion In Response To A Notice

Plaintiff Bellomo commenced his action on July 28, 2010, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, Bellomo's counsel published a notice of pendency of the Bellomo Action announcing that a securities class action had been filed against defendants herein, and advising purchasers of XenoPort securities that they had 60 days from July 28, 2010, to file a motion to be appointed as lead plaintiff. *See* Goldberg Declaration, Exhibit A. Movant files the instant motion pursuant to Bellomo's published notice, having filed with her complaint her sworn certification attesting that she is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2. Cheng Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Movant purchased 7,000 shares of XenoPort stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, suffered financial losses of $75,328.[2]

---

[2] Her aggregate purchase price for her 7000 shares was $122,018 (see Certification to her Complaint, also attached hereto as Exhibit B to the Goldberg Declaration) and the price of

To the best of her knowledge, Movant believes that she has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3. Cheng Satisfies The Requirements Of Fed. R. Civ. P. 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D.Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

---

XenoPort shares at the end of the Class Period was $6.67 per share (or a total for her 7000 shares of $46,690), the difference being $75,328.

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning XenoPort's business, operations and financial prospects. Movant, like all of the members of the Class, purchased XenoPort shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, Movant's claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

#### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D.Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).

Cheng has demonstrated her adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that she is willing and able to take an active role in and control the litigation. Movant has communicated with experienced counsel

concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between her interests and those of other Class members. Moreover, Movant has sustained substantial financial losses – in excess of $75,000 – from her investments in XenoPort stock and is, therefore, extremely motivated to pursue the claims in this action.

### 4. Movant Cheng Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Cheng is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant believes that she has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Movant's ability to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against her that would render Movant inadequate to represent the Class. In addition, Movant has selected and retained competent and experienced counsel to represent her and the Class. *See Richardson v. TVIA, Inc.* 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation"). Accordingly, Cheng should be appointed lead plaintiff for the Class.

### B. The Court Should Approve Movant's Choice of Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained

Harwood Feffer LLP and Robbins Geller Rudman & Dowd LLP to pursue this litigation on her behalf, and will retain these firms as plaintiff's co-lead counsel, with Glancy Binkow & Goldberg LLP as liaison counsel, in the event Movant is appointed lead plaintiff. Harwood Feffer LLP and Robbins Geller Rudman & Dowd LLP possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by their résumés annexed to the Goldberg Declaration at Exhibits C and D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant her motion and enter an Order (a) consolidating the Related Actions, (b) appointing Ie-Chen Cheng as lead plaintiff, and (c) approving Movant's selection of Harwood Feffer LLP and Robbins Geller Rudman & Dowd LLP as co-lead counsel, and granting such other relief as the Court may deem just and proper.

Dated: September 27, 2010                    Respectfully submitted,

GLANCY BINKOW & GOLDBERG LLP

By:   /s/ *Michael Goldberg*
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

*Proposed Liaison Counsel*

HARWOOD FEFFER LLP
Robert I. Harwood
Samuel K. Rosen
488 Madison Ave., 8th Floor
New York, New York 10022
Telephone:  (212) 935-7400
Facsimile:   (212) 753-3630

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN & DOWD LLP |
|   | Dennis J. Herman |
|   | 100 Pine Street, 26th Floor |
| 3 | San Francisco, CA 94111 |
|   | Telephone: (415) 288-4545 |
| 4 | Facsimile:  (415) 288-4534 |
| 5 | |
|   | **-**and**-** |
| 6 | |
|   | ROBBINS GELLER RUDMAN & DOWD LLP |
| 7 | Darren J. Robbins |
|   | David C. Walton |
| 8 | 655 West Broadway, Suite 1900 |
|   | San Diego, CA 92101-3301 |
| 9 | Telephone:  (619) 231-1058 |
| 10 | Facsimile:  (619) 231-7423 |
| 11 | *Proposed Co-Lead Counsel* |
| 12 | HOLZER HOLZER & FISTEL, LLC |
|    | Corey D. Holzer |
| 13 | Michael L Fistel, Jr. |
| 14 | 200 Ashford Center North, Suite 300 |
|    | Atlanta, GA 30338 |
| 15 | Telephone: (770) 392-0090 |
|    | Facsimile: (770) 392-0029 |
| 16 | |
| 17 | DYER & BERENS LLP |
|    | Jeffrey A. Berens |
| 18 | 303 East 17th Avenue, Suite 300 |
|    | Denver, CO 80203 |
| 19 | Telephone: (303) 861-1764 |
| 20 | Facsimile: (303) 395-0393 |
| 21 | *Attorneys for Plaintiffs* |

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On September 27, 2010, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**[PROPOSED] ORDER GRANTING MOTION OF IE-CHEN CHENG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting this document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 27, 2010, at Los Angeles, California.

*s/Michael Goldberg*
Michael Goldberg

# Mailing Information for a Case 5:10-cv-03301-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,kramerns@cooley.com

- **David Conrad Walton**
  davew@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case5:10-cv-03301-RMW   Document11   Filed09/27/10   Page14 of 14